# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RITA J. VIAN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO. 1:15-cv-00040-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|       Defendant. | ) |

## OPINION AND ORDER

Plaintiff Rita J. Vian brought this suit to contest a denial of disability benefits by the Commissioner. (DE 1). On February 2, 2017, this Court entered an Opinion and Order reversing the Commissioner's final decision and remanding the Case for further proceedings. (DE 30). Now before the Court is Vian's motion to recover attorney fees in the amount of $7,905.40 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, together with supporting documentation. (DE 33 to DE 35). Defendant Commissioner of Social Security ("Commissioner") opposes the amount of Vian's fee request, arguing that the 42.05 hours billed by Vian's attorney, Joseph Shull, in this district court litigation were not reasonably expended. (DE 36). The motion is now ripe for ruling. (DE 37).

Also pending is Vian's supplemental motion for award of attorney fees under the EAJA, seeking recovery of an additional $1,673.20 in attorney fees for the 8.90 hours that Shull spent on this litigation after the Commissioner opposed his motion for EAJA fees, together with supporting documentation. (DE 38; DE 39). The Commissioner has not filed a response to Vian's supplemental motion, and the time to do so has now passed. Thus, Vian's supplemental

motion is unopposed.

For the following reasons, Vian's motion and supplemental for EAJA fees will be GRANTED in the aggregate amount of $9,578.60.

*A. Discussion*

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner does not raise a substantial justification argument in response to Vian's fee request. Rather, the Commissioner challenges the number of hours expended by Moore's attorney in this district court litigation.

Vian, as the fee applicant, bears the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Factors the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

"Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (citation omitted). "As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are

2

excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id*. (quoting *Hensley*, 461 U.S. at 437).

Here, the Commissioner argues that Vian failed to meet her burden of showing that the 40.2 hours billed by Shull were reasonably expended. (DE 36 at 2). More specifically, the Commissioner argues that Shull's hours were excessive given that: (1) Shull handled this case at the administrative agency level, and thus, he was already familiar with Vian's case; (2) Shull merely recycled two arguments that he had made to the Appeals Council at the administrative agency level for the district court litigation; and (3) because the administrative record in this case, which totaled 650 pages, was not unusually large. (DE 36 at 2). In particular, the Commissioner argues that the 11.3 hours Shull spent reviewing the record is unreasonable, considering that he was already familiar with the case and also recorded 9.5 hours for drafting a statement of facts. (DE 36 at 2).

Additionally, the Commissioner challenges the 14.55 hours that Shull spent drafting arguments for the opening brief. (DE 36 at 2). The Commissioner states that Shull had already formulated his main two arguments for the appeals council at the administrative level, before ever bringing the matter to federal court. (DE 36 at 3). For all of these reasons, the Commissioner urges that the Court should reduce Shull's billed hours by 8.3 hours—that is, from 40.2 to 31.9. (DE 36 at 4).

In response, Vian explains that a detailed summary of the facts is typically prepared for

3

district court briefing, but not for the administrative agency. (DE 37 at 1-2). Vian states that in reviewing the record, Shull took eight pages of notes regarding the hearing decision, procedure, medical evidence, and hearing testimony, which he then used for organizing the statement of facts. (*See* DE 37-1). While Vian concedes that handling the case at the administrative agency level may somewhat reduce the amount of time needed for preparing federal court briefs, she urges that "the difference is small because there is a long time usually between writing the Appeals Council argument and writing the District Court brief." (DE 37 at 2). Vian attributes the 11.5 hours that Shull spent reviewing the transcript, re-familiarizing himself with the case, and making notes before drafting the statement of facts, at least in part, to the 18-month gap between Shull making his arguments to the administrative agency and his drafting the federal court briefs. (DE 37 at 2).

Vian also disagrees with the Commissioner's contention that the arguments in her opening brief are, in essence, replicas of the arguments made to the appeals council at the administrative agency level. (DE 37 at 2-4). Vian points out that she expanded the two arguments that she made at the agency level—that the administrative law judge improperly weighed the opinions of her treating nurse practitioner and case manager and improperly discounted the credibility of her symptom testimony—in the federal court briefing. (DE 37 at 2-4). She also emphasizes that she added a third argument in the federal court briefing—that the administrative law judge failed to evaluate her impairments in combination. (DE 37 at 3).

Having considered the parties' arguments, it does appear that Vian's two main arguments were primarily formulated at the administrative agency level. (*Compare* DE 10 at 351-53, *with* DE 18 at 11-16). Having said that, the arguments presented to the agency were expanded in that

4

several paragraphs were added, other paragraphs were revised, and certain citations were added. (DE 37 at 3; *compare* DE 10 at 351-53, *with* DE 18 at 11-16). Furthermore, Shull's itemized billing statement reflects that he performed 3.8 hours of additional legal research. (DE 35 at 2). Moreover, Vian did advance a third argument, though rather cursory, in the district court litigation. (DE 18 at 14).

In total, Shull spent 37.35 hours preparing and drafting the opening brief—that is, 11.8 hours reviewing the transcript and making notes, 9.5 hours drafting the statement of facts, and 16.05 hours drafting the opening brief arguments. The Court considers this amount of time to be reasonable for preparing and filing an opening brief, considering the 18-month gap between the agency proceedings and the district court litigation. *See, e.g.*, *Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016) (finding 37.6 hours spend reviewing the record and drafting the opening brief "on par with the time that other courts in this circuit have found reasonably expended during the initial stage of a social security appeal" (citations omitted)); *Verlee v. Colvin*, No. 1:12-CV-45-TLS, 2013 WL 6063243, at *9 (N.D. Ind. Nov. 18, 2013) (approving 36.4 hours spent preparing an opening brief); *Garcia v. Colvin*, No. 1:11-cv-00165, 2013 WL 1343662, at *2 (N.D. Ind. Apr. 3, 2013) (approving 37.75 hours spent reviewing the transcript, researching, and preparing an opening brief that raised six arguments); *Burke v. Astrue*, No. 08 C 50136, 2010 WL 1337461, at *3 (N.D. Ill. Mar. 31, 2010) (concluding that 34.4 hours was a reasonable amount of time to expend reviewing the transcript, researching, and drafting a 13-page, 1.5 spaced opening brief that raised five issues); *Upperton v. Barnhart*, No. 02-C-0534-C, 2003 WL 23185891, at *2 (W.D. Wis. Nov. 13, 2003) (determining that it was not unreasonable for two attorneys to spend 37.1 hours, which included 11.1 hours drafting

5

the facts section, reviewing a 499-page transcript and drafting and revising a 32-page brief that advanced seven arguments).

As such, the Court declines to reduce the number of hours expended by Moore's attorney in reviewing the record and preparing the opening brief.  Accordingly, Vian's request for an EAJA attorney award in the amount of $9,578.60 for the 50.95 hours her attorney spent in this federal court litigation will be granted.

*B.  Conclusion*

For the foregoing reasons, the Court GRANTS Vian's motion and supplemental motion for award of attorney fees under the EAJA (DE 33; DE 38) in the aggregate amount of $9,578.60.  Accordingly, it is ORDERED that an award of attorney fees in the sum of $9,578.60 shall be paid by the Commissioner to Vian.  Any fees paid belong to Vian and not her attorney and may be offset to satisfy a pre-existing debt that Vian owes the United States.  *See Astrue v. Ratliff*, 560 U.S. 586 (2010).  If counsel for the Commissioner can verify that Vian does not owe a pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Vian's attorney pursuant to the written fee assignment between Vian and her attorney (DE 34-1).

SO ORDERED.

Entered this 26th day of May 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge